IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY JOHANNSON,<br><br>Plaintiff,<br><br>v.<br><br>WACHOVIA MORTGAGE FSB, formerly known as World Savings Bank FSB, DEREK WAYNE PHILIPS, doing business as DKP MORTGAGE, and JOSEPH STEVEN CANTER,<br><br>Defendants. | No. C 11-02822 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

In this mortgage-loan dispute, plaintiff moves to remand the action to state court and defendant Wachovia Mortgage moves to dismiss all but one claim against it. For the following reasons, plaintiff's motion to remand is **DENIED**, and defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

The following facts are taken from the complaint. In 2006, defendant Joseph Canter contacted plaintiff Wendy Johannson and told her that he could substantially reduce her monthly mortgage payments through a refinancing. Defendant Canter failed to disclose to plaintiff, however, that the loan he would procure for her was a reverse-amortization mortgage that would end up causing her monthly payments to increase. Defendant Canter "relentlessly pursued" plaintiff until she signed the loan agreement, without an opportunity to read it and in a rushed

proceeding (Sec. Amd. Compl. ¶¶ 11–13).  Defendant Wachovia Mortgage, FSB, "deliberately included falsified information" on a loan approval form regarding plaintiff's monthly income and fabricated that plaintiff had been consulted by telephone, resulting in plaintiff being approved for a loan for which she did not qualify.

Plaintiff's monthly payments began to increase in early 2008.  A notice of default was recorded in May 2008.  Plaintiff and defendant Wachovia then began negotiating a loan modification (*id.* ¶¶ 17–23).  Wachovia told plaintiff's lawyer in September 2008 that it placed a "legal hold on the files of each of the borrowers [he was] working with so no collection actions [would] be taken at [that] time."  These negotiations continued until plaintiff's house was sold to defendant Wachovia at a trustee's sale in December 2008.  Wachovia's explanation for the sale was that "an error in communication from the foreclosure department to the loss mitigation department" resulted in plaintiff's home being sold at the trustee's sale "in error" (*id.* ¶¶ 9–26).  Defendant took possession of the property after an unlawful detainer action and the consequent judgment of possession obtained in October 2009 (RJN Exh. E).

Plaintiff filed this action in Alameda County Superior Court *pro se* in October 2009.  After initially proceeding *pro se* with her original and first amended complaints, plaintiff retained counsel, who filed a second amended complaint in state court on her behalf on May 5, 2011.  Defendant Wachovia removed the action to this Court on June 9, 2011.  Defendant Philips joined in removal and has since answered (Dkt. Nos. 1, 5).  The second amended complaint asserts seven claims for relief against defendant Wachovia: (1) fraud by intentional misrepresentation, (2) fraud by suppression of fact, (3) constructive fraud, (4) intentional infliction of emotional distress, (5) violations of California Business and Professions Code Section 17200, (6) violation of the Truth in Lending Act, 15 U.S.C. 1601, and (7) financial elder abuse (Sec. Amd. Compl. ¶¶ 27–83).

Plaintiff moves to remand the action back to state court.  Defendant Wachovia moves to dismiss the action pursuant to Rule 12(b)(6).  No other defendant moves to dismiss or joins in Wachovia's motion.

2

**ANALYSIS**

**1.    MOTION TO REMAND.**

Pursuant to 28 U.S.C. 1441(a), a defendant may remove a state-court action to federal court if the federal court has original jurisdiction over the plaintiff's claims. In this case, the asserted basis for original federal question jurisdiction under 28 U.S.C. 1331 is plaintiff's claim in her second amended complaint that defendants violated the federal Truth in Lending Act, 15 U.S.C. 1601, by failing to comply with 12 C.F.R. 226 (Sec. Amd. Compl. ¶ 73).

Federal question jurisdiction under Section 1331 exists in "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

TILA creates a private right of action against a creditor who has allegedly failed to comply with its provisions. *See* 15 U.S.C. 1640(a) ("[A]ny creditor who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person"). Plaintiff specifically alleges that defendants failed to disclose certain details about her home loan in violation of TILA (Sec. Amd. Compl. ¶¶ 73–76). Therefore, federal law creates plaintiff's claim for relief under TILA and confers original jurisdiction over this action. *See also* 28 U.S.C. 1441(c) (conferring supplemental jurisdiction over non-removable claims).

Plaintiff argues that the removal was untimely. Plaintiff claims that the thirty-day removal period began running upon service of the initial complaint, because it was clear from the initial complaint that plaintiff was alleging a TILA violation. Section 1446(b) requires that a defendant file a notice of removal within thirty days of service of the first removable complaint as ascertainable from the face of the pleadings. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005). Plaintiff's initial and first amended complaints contained no references to TILA or to any other federal law. The first reference to any federal law is found in the second amended complaint. Defendants had no duty to make an inquiry or to apply their subjective knowledge as to possible claims and any attendant removability of the initial or first amended complaints where it was not ascertainable from the face of the pleadings, despite

3

1  plaintiff's claims to the contrary. *Ibid.* Therefore, the second amended complaint was the first
2  removable complaint.
3      Plaintiff filed her second amended complaint on May 5, 2011. Under Rule 4(e)(1),
4  service may be made "following state law for serving a summons in an action brought in courts of
5  general jurisdiction in the state where the district court is located or service is made." The
6  applicable law is California Code of Civil Procedure Section 1013, which states that:

> [A]ny period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California.

10  The second amended complaint was mailed from Oakland, California to Pasadena and Folsom,
11  California. Therefore, the date to assert "any right or duty to do any act or make any response" is
12  extended by five days from the date of mailing. The date of service for the purposes of
13  Section 1446(b) is therefore May 10, five days after the the date of mailing, May 5. Defendant
14  Wachovia removed the action on June 9, thirty days after May 10, and the only other defendant to
15  have been served joined in removal. Defendant's removal was thus timely.
16      Plaintiff also objects to removal because defendant Canter did not join in removal, but
17  plaintiff ignores that she did not serve him with the second amended complaint (Dkt. No. 20-3
18  at 21). Only served defendants must join a removal. *Destfino v. Reiswig*, 630 F.3d 952, 957
19  (9th Cir. 2011). The removal was therefore unaffected by the absence of unserved defendant
20  Canter's joinder. Plaintiff's motion to remand is **DENIED**.
21      **2.    MOTION TO DISMISS.**
22      To survive a motion to dismiss, a complaint must contain sufficient factual matter,
23  accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v.*
24  *Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient
25  factual allegations to draw a reasonable inference that the defendants are liable for the misconduct
26  alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not
27  bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50
28  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law

4

and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

### A. Statute of Limitations.

Defendant argues that plaintiff's fraud-based claims, as well as her intentional infliction of emotional distress and financial elder abuse claims, are barred by the applicable statutes of limitations (Br. 4). California Code of Civil Procedure Section 338(d) imposes a three-year statute of limitations on fraud-based claims, and a two-year statute of limitations governs claims for intentional infliction of emotional distress and financial elder abuse. *See* CAL. CIV. PROC. CODE 335.1 (intentional infliction of emotional distress); *Benun v. Superior Court*, 123 Cal. App. 4th 113, 126 (2004) (financial elder abuse). Plaintiff argues that the discovery rule suspended the limitations periods until December 2007, when plaintiff discovered the alleged fraud, so that her claims are not time-barred. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (statute of limitations is tolled until plaintiff discovers injury when reasonable investigation at time of injury would not have revealed it).

The complaint states sufficient factual allegations to create a plausible inference, but not to determine conclusively, that the statute of limitations has run on these claims, or alternatively whether the discovery rule tolled the limitations periods. Plaintiff states that she did not read the loan agreement until December 2007, but also indicates that she had it or another document in her possession that would have revealed the alleged fraud before that time (Sec. Amd. Compl. ¶¶ 13, 15). Therefore, this order **DENIES** defendant's motion to dismiss plaintiff's claims on statute of limitations grounds, without prejudice to raising the issue after discovery.

### B. Intentional Infliction of Emotional Distress.

In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege:

> (1) outrageous conduct, 'so extreme as to exceed all bounds of that usually tolerated in a civilized community,' (2) an intent to cause or a reckless disregard of the possibility of causing emotional distress, (3) severe or extreme emotional distress, and (4) that the outrageous conduct proximately caused the emotional distress.

5

*Symonds v. Mercury Sav. & Loan Ass'n*, 225 Cal. App. 3d 1458, 1468 (1990). Plaintiff alleges that "the acts of [Wachovia] as alleged in this complaint, were extreme and outrageous and done with a conscious disregard for the rights of Plaintiff . . . [and] were knowing, intentional, and willful and done with a reckless disregard of the probability of causing Plaintiff emotional distress." Plaintiff then lists a variety of ailments for which defendant's acts are alleged to be the "direct and proximate" cause (Sec. Amd. Compl. ¶¶ 62–64).

To the extent plaintiff's claim is based only on defendant's foreclosure action, it cannot support the "outrageous conduct" prong. *See Yu v. Signet Bank/Va.*, 69 Cal. App. 4th 1377, 1398 (1999) (finding "an assertion of legal rights in pursuit of one's own economic interests" not outrageous as a matter of law). However, some of plaintiff's allegations against Wachovia, taken as true, could constitute "outrageous conduct so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Symonds*, 225 Cal. App. 3d at 1468. Wachovia allegedly misled plaintiff into believing that she would keep her home while she negotiated a loan modification while, at the same time, planning and executing a trustee's sale of plaintiff's home. Plaintiff first learned of the trustee's sale when a realtor came to her home and told her it had been sold out from under her. These allegations could, when recited to an average member of the community, arouse his or her resentment against Wachovia and lead him or her to exclaim, "outrageous!" *McMahon v. Craig*, 176 Cal. App. 4th 1502, 1515–16 (2009).

Because plaintiff has alleged facts sufficient to state a claim for intentional infliction of emotional distress, defendant's motion to dismiss plaintiff's eighth claim for relief is **DENIED**. This is without prejudice, of course, to a motion for summary judgment once the facts are fully developed.

### C. Financial Elder Abuse.

California Welfare and Institutions Code Section 15610.30(a)(1) provides that financial abuse of an elder occurs when a person or entity "takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." A claim of financial elder abuse by a plaintiff against a corporation resulting from actions of its employees requires that the plaintiff allege that an officer, director, or

6

managing agent of the corporation "had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded." CAL. CIV. CODE 3294(b); CAL. WELF. & INST. CODE 15657(c). Plaintiff has made no allegations about officers, directors, or managing agents of Wachovia. Plaintiff's general allegation that defendant "ratified" fraudulent conduct does not meet the above pleading requirement. Defendant's motion to dismiss plaintiff's eleventh claim for relief is therefore **GRANTED**.

### D. Intentional Misrepresentation.

FRCP 9(b) requires that in all averments of fraud the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003) (citation omitted). FRCP 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

The elements of a fraud claim are: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, that is, to induce reliance, (4) justifiable reliance, and (5) resulting damage. *See Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407–08 (1992). Plaintiff alleges that defendant Wachovia misrepresented the terms of her loan. Here, plaintiff has pled adequate facts to state an intentional misrepresentation claim against Wachovia. Plaintiff alleges that defendant Wachovia misrepresented the terms of her loan, intentionally misled her into believing that it would not foreclose on her home while it was negotiating with her about a loan modification in or around May 2009 and subsequent dates, and approved her for a loan for which she did not qualify. For example, the complaint alleges that between May and December 2008, employees of Wachovia assured plaintiff's attorney over the phone that they would not foreclose while they negotiated a loan modification, and meanwhile they were preparing to sell plaintiff's home at a trustee's sale (Sec. Amd. Compl. ¶¶ 18–22). The resulting damage included defendant's foreclosure on her

7

1  home. Because plaintiff has alleged sufficient facts to support a claim of intentional
2  misrepresentation, defendant's motion to dismiss plaintiff's third claim for relief is **DENIED**.

### E. Constructive Fraud.

The elements of a constructive fraud claim are: (1) a fiduciary or confidential relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury, that is, causation. CAL. CIV. CODE 1573; *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498, 516 n.14 (1980). Plaintiff does not allege a fiduciary or confidential relationship between her and defendant. Plaintiff claims that defendant had a duty to disclose various facts to her, but does not allege that it had a *fiduciary* duty to do so. "Absent special circumstances, a loan does not establish a fiduciary relationship between a commercial bank and its debtor." *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 741 (2010). No facts establishing a fiduciary relationship between plaintiff and defendant are pled. Defendant's motion to dismiss plaintiff's sixth claim for relief is therefore **GRANTED**.

### F. Suppression of Fact.

"Active concealment or suppression of facts by a nonfiduciary is the equivalent of a false representation, i.e., actual fraud." *Vega v. Jones, Day, Reavis, & Pogue*, 121 Cal. App. 4th 282, 291 (2004). Because this order finds that plaintiff has not pled facts sufficient to establish a fiduciary relationship, plaintiff's suppression of fact claim will be treated in conjunction with her intentional misrepresentation claim. Because this order denies defendant's motion to dismiss that claim, defendant's motion to dismiss plaintiff's fifth claim is likewise **DENIED**.

### G. California Business and Professions Code Section 17200.

To state a claim for unfair competition pursuant to California Business and Professions Code 17200, a plaintiff must allege that a defendant engaged in an "unlawful, unfair, or fraudulent business act or practice" or in "unfair, deceptive, untrue, or misleading advertising." Plaintiff alleges that defendant violated the Truth in Lending Act, 15 U.S.C. 1601, by failing to comply with 12 C.F.R. 226. Defendant does not move to dismiss the TILA claim. A TILA claim can form the underlying basis of a Section 17200 claim. *See Rubio v. Capital One Bank*,

613 F.3d 1195, 1204 (9th Cir. 2010). Plaintiff's Section 17200 claim may therefore remain as predicated on the TILA claim, or on plaintiff's remaining fraud-based claims.

Additionally, plaintiff alleges that defendant intentionally falsified a loan approval form with the intent of giving plaintiff a loan for which she did not qualify and that defendant misled her into believing it would not foreclose on her home during loan modification negotiations. "The term 'unfair . . . business act or practice' . . . mean[s] deceptive conduct that injures consumers and competitors." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 195–96 (1999). The complaint sufficiently alleges that defendant engaged in deceptive conduct by approving a loan for plaintiff for which she did not qualify and by misleading her into believing it would not foreclose on her home while it was negotiating a loan modification with her. Accordingly, defendant's motion to dismiss plaintiff's ninth claim for relief is **DENIED**.

### H. Preemption.

Defendant argues that all of plaintiff's claims, other than the TILA claim, are preempted by federal law because Wachovia was a federally-chartered savings bank regulated by the Office of Thrift Supervision pursuant to the Home Owners Loan Act at the time of the loan (Br. 6). As two fraud-based claims and the Section 17200 claim remain unaffected by this order thus far, preemption would require dismissal of all but the TILA claim.

#### (1) Preemption Analysis under HOLA.

The Home Owners Loan Act authorizes federally-chartered savings associations. *See* 12 U.S.C. 1461. In enacting HOLA, Congress established the Office of Thrift Supervision and gave its director plenary authority to issue regulations governing federal savings associations. *See* 12 U.S.C. 1462a. In 1996, OTS issued 12 C.F.R. 560.2(a) which states that "OTS is authorized to promulgate regulations that preempt state laws affecting the operations of federal savings associations," and that "OTS hereby occupies the entire field of lending regulation for federal savings associations."

Laws that are preempted include those purporting to regulate, for example, terms of credit, amortization, deferral and capitalization of interest, interest rate adjustments, loan-related fees

9

1  and penalties, disclosures and advertising, and processing and origination of mortgages.

2  12 C.F.R. 560.2(b). The same regulation provides exceptions that describe certain state laws of

3  general applicability that are not preempted, such as contract, commercial, real property, and tort

4  laws, "to the extent that they only incidentally affect the lending operations of Federal savings

5  associations or are otherwise consistent with the purposes of [the regulation]."

6  12 C.F.R. 560.2(c); *see, e.g.*, *Harris v. Wachovia Mortg., FSB*, 185 Cal. App. 4th 1018, 1024

7  (2010) (contract claims are not preempted by HOLA pursuant to Section 560.2(c)).

8       The OTS "specifically defined a proper preemption test to be employed" by promulgating

9  Section 560.2. *Aguayo v. U.S. Bank*, — F.3d —, No. 09-56679, 2011 WL 3250465, at *7

10 (9th Cir. Aug. 1, 2011) (citing *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923, 2008

11 WL 4279550, at *12 (N.D. Cal. Sept. 11, 2008) (Alsup, J.)). The regulation in question

12 provides that:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

18 61 Fed. Reg. 50,951-01, 50,966–67 (Sept. 30, 1996). Our court of appeals gives the OTS's

19 construction of Section 560.2 "controlling weight." *Silvas v. E*Trade Mortg. Corp.*,

20 514 F.3d 1001, 1006 n.1 (9th Cir. 2008).

21      **(2)    Applicability of HOLA to Defendant Wachovia.**

22      As stated, defendant argues that several of plaintiff's claims are preempted by these OTS

23 regulations. In support of this contention, defendant offers public records evidencing its status as

24 a federally-chartered savings bank regulated by OTS (RJN Exh. A). Plaintiff does not challenge

25 this assertion. In ruling on a motion to dismiss for failure to state a claim, "a court may generally

26 consider only allegations contained in the pleadings, exhibits attached to the complaint, and

27 matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763

28 (9th Cir. 2007). As explained below, this order takes judicial notice of the fact that Wachovia

10

was a federally-chartered savings bank regulated by OTS when it originated the loan in question. Although Wachovia changed its name to Wells Fargo Bank Southwest and merged with Wells Fargo Bank, a national bank, in November 2009, Wachovia was governed by OTS when it originated the loan (RJN Exh. B). Therefore, HOLA applies to loan in question.

### (3) Preemption of Plaintiff's Claims.

Defendant contends that plaintiff's state-law claims are based on allegations that defendant failed to disclose to plaintiff that (1) her interest rate would not be fixed at four percent, (2) it would be a variable rate, (3) it was a reverse-amortization loan, (4) there would be a prepayment penalty for both her old and new mortgages, (5) her new mortgage payments would include principal, interest, taxes, and insurance, (6) she would incur out-of-pocket expenses to refinance her mortgage, (7) Wachovia's claim that its employee spoke with plaintiff on the telephone and that she had a monthly income of $6,700, which defendant then fraudulently stated on a loan approval form, and (8) that defendant was lying when it said that it would not foreclose on plaintiff's home while their loan modification negotiations continued. Even if this order were to agree with defendant's characterization of the claims subject to possible preemption, it finds at this stage that the claims are not preempted.

Applying OTS's framework to the remaining claims of fraud and violation of Section 17200, these claims are not expressly preempted by Section 560.2(b). Plaintiff alleges that defendant misrepresented the terms of her loan, fees and penalties associated with refinancing, her monthly income and phone conversations in order to get the loan approved, and that those actions constituted unfair business practices within the meaning of Section 17200. This resulted in alleged fraudulent inducement of plaintiff into signing the loan agreement. Plaintiff's fraud claims and unfair business practices claims do not challenge defendant's lending practices directly; they allege that defendant defrauded plaintiff and engaged in unfair business practices under laws generally applicable to all types of commercial interaction.

It is true that fraud and Section 17200 claims would *affect* lending, but, importantly, as tort claims they are exempted from preemption by Section 560.2(c) ("[s]tate laws of the following types are not preempted to the extent they only incidentally affect the lending operations of

11

1  Federal savings associations[]: (4) tort law"). Defendant may be liable for claims based on tort
2  laws that are of general applicability to all businesses, and that only incidentally affect lending
3  operations. *See, e.g.*, *Fenning v. Glenfield, Inc.*, 40 Cal. App. 4th 1285, 1298–99 (1995) (finding
4  fraud-based actions not preempted by HOLA). Defendant cites numerous district court decisions
5  in which Section 560.2(b) was found to preempt state-law claims. For example, in *Nava v.*
6  *VirtualBank*, No. 08-CV-00069, 2008 WL 2873406, at *1 (E.D. Cal. July 16, 2008), the plaintiff
7  alleged that the defendant committed fraud and violated California Business and Professions
8  Code Section 17200, as plaintiff does here. The court dismissed the fraud and Section 17200
9  claims because as applied, they purported to directly affect the bank's lending practices. *Id.* at *7.
10 Here, however, defendant alleges that Wachovia fraudulently induced her into signing a loan
11 contract and falsified her loan application in order to have the loan approved, thereby engaging in
12 an unfair business practice.

13 These acts are properly characterized as instances of fraud, in that defendant made
14 representations it knew to be false, and instances of unfair business practices, in that defendant's
15 misrepresentations constituted engaging in "deceptive conduct that injures consumers and
16 competitors." *Cel-Tech Commcn's, Inc.*, 20 Cal. 4th at 195–96. Laws against fraud and unfair
17 business practices are applicable to all businesses generally, and only incidentally affect banks'
18 lending practices, in that banks are not permitted to engage in fraud or unfair business practices
19 when engaging in *any type* of transaction. Plaintiff's fraud and Section 17200 claims are
20 therefore generally applicable to all businesses and business practices and are not expressly
21 preempted by Section 560.2(b), because they fall within the exemption of Section 560.2(c).

22 This order rejects preemption at this stage. It may even be premature to rule on
23 preemption until after a trial wherein the incidental effects of the state laws in question on
24 defendant's lending activities can be determined.

**I.    Collateral Estoppel.**

26 Defendant argues that plaintiff's claims are barred by collateral estoppel. "The doctrine of
27 collateral estoppel bars a party from relitigating *any issues* necessarily decided in a prior, final
28 judgment." *Rice v. Crow*, 81 Cal. App. 4th 725, 734–35 (2000). "The requirements for invoking

collateral estoppel are the following: (1) the issue necessarily decided in the previous proceedings is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding." *Coscia v. McKenna & Cuneo*, 25 Cal. 4th 1194, 1201 n.1 (2001). In this action, defendant argues that the unlawful detainer judgment in favor of Wachovia "necessarily determined the validity of the Deed of Trust and the foreclosure" and that "[p]laintiff cannot seek damages for conduct the UD Judgment confirms was proper and valid" and that the judgment thus bars plaintiff's claims (Br. 3–4).

        Plaintiff and defendant were clearly parties to the unlawful detainer action. The unlawful detainer action terminated with a judgment on the merits — the merits of the propriety of the foreclosure sale and of defendant's right to possession of the house. Whether defendant defrauded plaintiff into signing a loan agreement or whether it lied to plaintiff about the timing of its foreclosure were not necessarily part of that determination. Defendant's contention that plaintiff raised defenses in the unlawful detainer action identical to its claims in this action and that the court rejected them is unavailing, and the judgment defendant provided does not elaborate on its reasoning. *See Landeros v. Pankey*, 39 Cal. App. 4th 1167, 1170 (1995) (affirmative defenses raised in unlawful detainer action resolved in favor of the plaintiff did not preclude later suit predicated on claims identical to earlier defenses). The unlawful detainer action does not meet the requirements for assertion of collateral estoppel.

        Defendant cites *Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th 968, 971–76 (2010), for the proposition that an unlawful detainer judgment in favor of a bank collaterally estops a homeowner from challenging the validity of the foreclosure sale. *Malkoskie* is clearly distinguishable.

        *First*, in *Malkoskie*, the entire action was based on a challenge to the validity of the foreclosure sale. *Id.* at 972. Here, plaintiff is not challenging the validity of the foreclosure sale; plaintiff is challenging defendant's conduct that occurred before the foreclosure sale. *Second*, in *Malkoskie*, the unlawful detainer action was resolved by stipulated judgment, which the court stated "is usually as conclusive a merger or bar as a judgment rendered after trial." *Id.* at 973.

13

Plaintiff did not stipulate to the unlawful detainer judgment here. *Third*, *Malkoskie* explicitly stated that an unlawful detainer action "is a summary proceeding ordinarily limited to resolution of the question of possession" and that "any judgment arising therefrom is given limited res judicata effect." *Ibid.*

*Malkoskie* is not controlling in the instant action. Plaintiff's remaining claims allege fraudulent conduct in extending a loan to her, and misleading her about whether or when they would foreclose on her home, not the propriety of their actual act of doing so. Defendant's motion to dismiss plaintiff's claims on this ground is **DENIED**.

### 4. REQUEST FOR JUDICIAL NOTICE.

Defendant Wachovia has requested that judicial notice be taken of the following documents: (1) a letter of the Office of Thrift Supervision, dated November 19, 2007; (2) a letter of the Office of the Comptroller of the Currency dated November 1, 2009; (3) a trustee's deed upon sale, recorded with the Sacramento County Recorder's Office on December 11, 2008, under book number 20081211 at page 0283; (4) plaintiff's answer in the unlawful detainer action, dated August 7, 2009; (5) a judgment by the Sacramento County Superior Court in the unlawful detainer action; and (6) an order by the Alameda County Superior Court sustaining defendant Wachovia's demurrer to plaintiff's complaint in the instant action, dated May 7, 2010. Plaintiff does not object. These documents are official government documents, public records, and court filings. Judicial notice of the existence and content of these documents, but not their truth, is proper under Federal Rule of Evidence 201(b) because the authenticity of the documents is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Defendant's request for judicial notice is therefore **GRANTED**.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **DENIED**. Defendant's motion to dismiss plaintiff's sixth and eleventh claims for relief is **GRANTED**, and defendant's motion to dismiss plaintiff's third, fifth, eighth, and ninth claims for relief is **DENIED**. The hearing scheduled for August 11 is **VACATED**. The case management conference on August 11 will go forward. Defendant Wachovia does not move to dismiss the TILA claim, so it remains in the

1 action. Likewise, defendants Philips and Canter do not move to dismiss any claims, so the action
2 remains in its entirety as to them. At this time this order makes no finding one way or the other as
3 to Rule 4(m) dismissal of defendant Canter.
4     Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR**
5 **DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to
6 file an amended complaint. A proposed amended complaint must be appended to the motion.
7 The motion should clearly explain how the amendments to the complaint cure the deficiencies
8 identified herein.

10     **IT IS SO ORDERED.**

12 Dated: August 5, 2011.

13     WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

15