IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WENDY JOHANNSON,

    Plaintiff,

  v.

WACHOVIA MORTGAGE, FSB, formerly known as World Savings Bank FSB, DEREK WAYNE PHILIPS, doing business as DKP MORTGAGE, and JOSEPH STEVEN CANTER,

    Defendants.

No. C 11-02822 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

    In this mortgage-loan dispute, defendant Wachovia Mortgage moves for an award of attorney's fees of $75,188.50. Plaintiff Wendy Johannson, a retired school teacher, brought this action, alleging that defendant Wachovia was aware of and directly engaged in misrepresentations made to her by other defendants, prior to execution of the subject loan, regarding the terms of the loan, and that defendant Wachovia directly benefitted therefrom. By order dated May 4, 2012, defendant Wachovia's motion for summary judgment was granted. Judgment was entered on May 14. Defendant filed its motion for attorney's fees on May 29, which was timely, due to the Memorial Day holiday on May 28.

    An order to show cause issued because plaintiff failed to timely oppose the motion for attorney's fees. In response, plaintiff's counsel, a solo practitioner, filed an opposition brief and response to the order to show cause explaining that his delay in filing an opposition was due to

illness and mis-calendaring the date for the opposition brief. Plaintiff's counsel's illness is reason to excuse the late filing of the opposition brief.

Pursuant to Civil Local Rule 54-5(a), "[c]ounsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." According to Civil Local Rule 1-5 (m):

> Meet and confer . . . means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' . . . . Rather, this requirement can be satisfied only through direct dialogue and discussion — either in a face to face meeting or in a telephone conversation.

Defendant's notice of motion states, "[p]ursuant to Local Rule 54-5, defendant's counsel called and e-mailed plaintiff's counsel to meet and confer on May 29, 2012, but was unable to get a response prior to filing this motion" (Dkt. No. 65 at 2). As stated in our local rules, "[t]he mere sending of a written, electronic, or voice-mail communication" is insufficient. What is more, defense counsel's putative attempt to meet and confer occurred the day the motion for attorney's fees was due. The local rules require a "good faith effort" to meet and confer.

Local Rule 54-5(b) also requires a declaration or affidavit to be filed with the motion for attorney's fees stating that "counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held." No such declaration was filed. Instead, the only mention of defense counsel's putative attempt to meet and confer was in the notice of motion. The notice cites to Local Rule 54-5, showing counsel was aware of the rule's requirements, yet did not comply.

2

Defendant failed to comply with the local rules governing the filing of a motion for attorney's fees. Thus, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 9, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE